# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1211 PA (JPRx) | Date | February 14, 2025 |
|---|---|---|---|
| Title | Gold Mining LLC v. Mintiro Investment Holdings (PTY) Ltd., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

      The Court is in receipt of the Complaint filed by plaintiff Gold Mining LLC ("Plaintiff") against defendants Mintiro Investment Holdings (PTY) Ltd. ("Mintiro") and Thomas O'Brien Tolken ("Tolken") (collectively "Defendants").  The Complaint alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

      Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).  In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists.  <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).  The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction."  Local Civil Rule 8-1.

      To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  <u>See</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  <u>Id.</u>  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); <u>see also</u> <u>New Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  <u>See</u> <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1211 PA (JPRx) | Date | February 14, 2025 |
|---|---|---|---|
| Title | Gold Mining LLC v. Mintiro Investment Holdings (PTY) Ltd., et al. | | |

In support of its allegation that this Court possesses diversity jurisdiction over this action, the Complaint alleges that Plaintiff " is a limited liability company, formed under the laws of the State of Wyoming, with its principal place of business located in the State of Wyoming." (Compl. ¶ 1.)  The Complaint alleges the citizenship of Plaintiff as if it were a corporation.  However, as a limited liability company, Plaintiff's citizenship is determined by the citizenship of their owners/members, which the Complaint does not allege.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; see also Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership); Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the limited partnership's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity).  As a result, Plaintiff has failed to adequately allege its own citizenship and, therefore, has not established complete diversity of citizenship between the parties or the Court's diversity jurisdiction.

For these reasons, the Court finds that the allegations in the Complaint are not sufficient to invoke this Court's subject matter jurisdiction.  Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to adequately allege federal subject matter jurisdiction.  Plaintiff's First Amended Complaint, if any, shall be filed by no later than February 24, 2025.  The failure to file a First Amended Complaint by that date or failure to adequately allege the Court's jurisdiction may result in the dismissal of Plaintiff's action without prejudice.

The Court additionally notes that Plaintiff has attached to the Complaint the agreement between the parties.  According to the agreement, the parties have agreed that "[a]ny disputes arising from this Agreement shall first be resolved through good faith negotiations.  If negotiations fail, the dispute will be submitted to arbitration under the California International Arbitration Rules, with arbitration to take place in Los Angeles, USA. The decision of the arbitrator shall be final and binding."  Plaintiff therefore appears to have commenced this action in this Court in a manner contrary to the parties' agreement.  When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the Federal Arbitration Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1211 PA (JPRx) | Date | February 14, 2025 |
|---|---|---|---|
| Title | Gold Mining LLC v. Mintiro Investment Holdings (PTY) Ltd., et al. | | |

directs district courts to stay the action pending completion of the arbitration.  See 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.").

      The Court therefore orders Plaintiff to show cause in writing why this action should not be stayed or dismissed without prejudice for improper venue as a result of the arbitration provision.  Plaintiff's response to this order to show cause, which shall not exceed seven (7) pages, shall be filed no later than February 24, 2025.  Failure to timely or adequately respond to this order to show cause may, without further warning, result in the dismissal of this action without prejudice.  Plaintiff shall personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served.  Defendants may file a Response no later than 21 days after they are served with the Summons and Complaint.

      IT IS SO ORDERED.